AUGUSTUS H. SLOAN

*v.*

JULIUS SLOAN.

|184   579|
|209   ²398|
|184   579|
|dl14a¹616|

*Opinion filed February 19, 1900—Rehearing denied April 5, 1900.*

1. WILLS—*wife of legatee not a competent subscribing witness.* The wife of a legatee is not a competent witness to prove the execution of a will, notwithstanding the will, if established, would be against her husband's interest as heir-at-law.

2. SAME—*"attesting witnesses" must be "subscribing witnesses."* Section 2 of the act on wills, requiring a will to be attested by two or more credible witnesses, contemplates that the attesting witnesses be competent, subscribing witnesses.

3. SAME—*one not a subscribing witness cannot testify to the execution of will.* On appeal to the circuit court from an order denying probate because of the incompetency of one of the subscribing witnesses, a third party who was present at the execution and attestation of the will but who is not a subscribing witness cannot testify as to such facts.

4. SAME—*probate should be refused where only one competent witness signs.* Probate of a will is properly denied where one of the two subscribing witnesses required by the statute was incompetent to act as such a witness.

APPEAL from the Circuit Court of Peoria county; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding.

STEVENS, HORTON & ABBOTT, and JACK & TICHENOR, for appellant:

The fact that an attesting witness who is an heir-at-law of the testator receives a legacy under the will does not disqualify the witness. The legacy so received must be of greater value than the legatee would have received had there been no will. *Garland* v. *Crow's Exrs.* 2 Bailey, 24; *Walker* v. *Skeen.* 40 Tenn. 1; *Maxwell* v. *Hill*, 89 id. 584; *Sparhawk* v. *Sparhawk*, 10 Allen, 155; *Smalley* v. *Smalley*, 70 Me. 545; *Clark* v. *Vorce*, 19 Wend. 231; *Keithley* v. *Stafford*, 126 Ill. 507.

The competency of the attesting witness must be determined from facts existing when the will was executed,

and not at the time the will was presented for probate or when strangers to the will have instituted proceedings against it. *Fisher* v. *Spence,* 150 Ill. 253; *Slingloff* v. *Bruner,* 174 id. 561.

If no will had been executed in this case, Jerome Sloan, husband of Charlotte Sloan, would have received from the estate of the deceased, as his heir-at-law, an amount largely in excess of his legacy,—hence he had no financial interest in the execution of the will or in sustaining the legacy. Under the statute, had he himself witnessed the will his rights as legatee would not have been affected thereby. Statute of Wills, sec. 8, last clause; *Grimm* v. *Tittman,* 113 Mo. 56.

If Jerome Sloan could have been a competent witness to the will without forfeiting any interest therein, then his wife was clearly competent. *Freeman* v. *Freeman,* 62 Ill. 189; *Railroad Co.* v. *Taylor,* 24 id. 323; *Way* v. *Harriman,* 126 id. 132; *Treleaven* v. *Dixon,* 119 id. 548; *Pyle* v. *Pyle,* 158 id. 290.

PAGE, WEAD & ROSS, (R. J. COONEY, of counsel,) for appellee:

To entitle a will to be admitted to probate it must be attested by two or more credible witnesses. *Crowley* v. *Crowley,* 80 Ill. 469; *Dickie* v. *Carter,* 42 id. 385; *Canatsey* v. *Canatsey,* 130 id. 397; *Witt* v. *Gardner,* 158 id. 156; *Drury* v. *Connell,* 177 id. 43.

The term "credible," as applied to witnesses to a will, means "competent" witnesses. The competency of a witness to a will is to be tested by the facts existing at the time of such attestation, and the husband or wife of a legatee or devisee under a will is not a competent attesting witness to the will. *Sullivan* v. *Sullivan,* 106 Mass. 474; *Fisher* v. *Spence,* 150 Ill. 253; *Giddings* v. *Turgeon,* 58 Vt. 107; *Kitredge* v. *Hodgman,* 32 Atl. Rep. 158; *Slingloff* v. *Bruner,* 174 Ill. 569; *Lippencott* v. *Wykoff,* 33 Atl. Rep. 305; 2 Starkie on Evidence, (4th Am. ed.) part 2, p. 1266.

A proceeding to probate a will is a suit at law, in which adverse parties are seeking to establish their legal rights both to real and personal property. *Gilbert* v. *Gilbert*, 22 Ala. 529; *Haven* v. *Hilliard*, 23 Pick. 19.

In proceedings to contest wills the courts of this State regard the true interests of the parties, and not the position they occupy under the pleadings, in deciding their competency as witnesses. *Bardell* v. *Brady*, 172 Ill. 424; *Pyle* v. *Pyle*, 158 id. 289.

An "attesting witness" to a will is one who signs his name to it to prove it, and for the purpose of identification. *Lupe* v. *Wertz*, 19 Ore. 134; *In re will of Boyeus*, 23 Iowa, 354; Bouvier's Law Dic. title, "Attesting Witness;" Rapalje & Lawrence's Law Dic.; Webster's Dic.; Century Dic.; *Snellgrove* v. *Snellgrove*, 4 Des. (S. C.) 272; *Drury* v. *Connell*, 177 Ill. 43.

The husband or wife of a party directly interested in the contest of a will is not a competent witness for or against the will. *Smith* v. *Smith*, 168 Ill. 490; *Treleaven* v. *Dixon*, 119 id. 548; *Bevelot* v. *Lestrade*, 153 id. 625; *Shovers* v. *Warrick*, 152 id. 355.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Peoria county refusing to admit to probate the last will and testament of Henry A. Sloan, deceased. The case was there heard on an appeal from an order of the probate court of that county refusing to admit it to probate. The will makes various bequests and devises, and, among others, by the third clause gives to Jerome Sloan, brother of the testator, "every and all sum or sums of money due or to become due from him to me," and cancels every obligation due the testator from Jerome Sloan. The attestation clause of the will is signed by Thomas E. Alyea and Charlotte Sloan, the last named being now, and at the time the will was executed, the wife of Jerome

Sloan. Edward Auten, who drew the will and who is named as executor, was also present at the time and witnessed the execution and attestation of the will, but did not sign as attesting witness. It was admitted on the hearing that the estate of the deceased was worth from $30,000 to $40,000, and that had he died intestate his brother, Jerome Sloan, would have inherited one-half thereof. The proponent also offered to prove that the devise to Jerome Sloan consisted in certain notes held by the deceased against him, amounting in the aggregate to about $1600.

The court held Charlotte Sloan incompetent as a witness to prove the will, and proponent offered then to prove by Edward Auten that the will was signed by both the witnesses in his presence, and that the will was executed and published by the deceased as and for his last will in his presence; but the court refused to hear his testimony, holding him to be an incompetent witness because named as executor of the will, and also held the evidence incompetent. The testimony of T. E. Alyea, one of the subscribing witnesses, was that the testator declared the will to be his will in the presence of both himself and Charlotte Sloan, who signed the same as attesting witness at his request and also in the presence of Edward Auten.

The competency of attesting witnesses must be determined from the facts existing when the will was executed. (*Fisher* v. *Spence*, 150 Ill. 253; *Slingloff* v. *Bruner*, 174 id. 561; *Chicago Title and Trust Co.* v. *Brown*, 183 id. 42.) In the former case we held that a husband or wife of a legatee or devisee is an incompetent witness to prove the execution of the will,—and that, notwithstanding that after the death of the testator the devisees relinquished all their interest under said will.

We have carefully considered the able argument of counsel for the proponent, (the appellant here,) and while it must be admitted that while the testimony of

Charlotte Sloan would, if received, tend to establish a will which would be against her husband's interest, and that as he would have been a competent witness under the statute notwithstanding the legacy to him the reason for holding her incompetent in a great measure fails, yet we are not disposed to depart from the decision in the *Fisher-Spence* case. Moreover, the rule of law prohibiting a husband or wife testifying either for or against the other's interest is based largely on public policy, independent of interest, (*Mitchinson* v. *Cross*, 58 Ill. 366; *Reeves* v. *Herr*, 59 id. 81; 1 Greenleaf on Evidence,—14th ed.— sec. 334; *Giddings* v. *Turgeon*, 58 Vt. 106; *Smith* v. *Jones*, 34 Atl. Rep. 424;) and should not be departed from even if the reason therefor in any particular case is not apparent. The circuit court did not err in holding Charlotte Sloan an incompetent witness.

Counsel for appellant contend, however, that under our statute attesting witnesses need not be subscribing witnesses; that the statute by its terms does not require that they shall subscribe the will; and they cite, among a large number of authorities, *Sweet* v. *Wiley*, 1 B. Mon. 114, where it is said: "To attest the publication of a paper as a last will, and to subscribe to that paper the names of the witnesses, are very different things and are required for obviously different ends. Attestation is the act of the senses; subscription is the act of the hand. The one is mental; the other mechanical; and to attest a will is to know that it is published as such, and to certify the facts required to constitute an actual and legal publication." The rule has, however, been long acquiesced in and understood in this State, that in order to render a will valid it must be subscribed by the attesting witnesses, and this court has so held. In *Drury* v. *Connell*, 177 Ill. 43, we said (p. 47): "This act of attestation consists in the subscription of the names of the witnesses to the attestation clause, as a declaration that the signature was made or acknowledged in their presence. It

is this act of attestation by subscribing their names to the will as witnesses thereto which the statute requires to be in the presence of the testator. The object of the law, as frequently declared, is to prevent fraud or imposition upon the testator or the substitution of a surreptitious will, and to effectuate that object it is necessary that the testator shall be able to see and know that the witnesses subscribe their names to the paper which he has executed or acknowledged as his will." In *Gibson* v. *Nelson*, 181 Ill. 122, we said (p. 128): "While this attestation required by our statute includes the subscription of their names by the subscribing witnesses, it means much more,—that is, that they bear witness and certify to the facts required by the statute to make a valid will."

Edward Auten was not competent to prove the will as an attesting witness to its execution. Neither was he competent to prove the will by testimony showing the execution of the will by Charlotte Sloan. Section 2 of chapter 148 of the Revised Statutes provides that the will shall be "attested in the presence of the testator * * * by two or more credible witnesses, two of whom, declaring on oath or affirmation * * * that they were present and saw the testator sign said will, * * * shall be sufficient proof of the execution of said will * * * to admit the same to probate." The term "credible," as here used, means "competent" witnesses. (*Chicago Title and Trust Co.* v. *Brown, supra; Fisher* v. *Spence, supra; Slingloff* v. *Bruner, supra,* and cases cited.) Admitting that Edward Auten is a qualified witness notwithstanding he is named as executor, and the hearing here being in the circuit court, where, under the provisions of section 13 of our Statute of Wills, "it is lawful for the party seeking to probate the will to support the same by any evidence competent to establish a will in chancery," yet what facts can he adduce or were proposed to be shown by him? That a paper purporting to be the last will of Henry A. Sloan was executed by Sloan and "attested"

("subscribed") by only one "credible" ("competent") attesting witness. The law requires two.

There was no error committed by the circuit court of Peoria county in refusing to admit the will of Henry A. Sloan to probate, and its judgment is affirmed.

*Judgment affirmed.*