´ AMY ELLIS, Appellant, *vs.* R. H. FLANNIGAN *et al.*
Appellees.

*Opinion filed February 23, 1912.*

1. WILLS—*it is not essential that testatrix actually see the witnesses sign.* If the attesting witnesses sign the will at a place within the scope of the vision of the testatrix, and where, considering her position and state of health at the time, she might have seen the signing if she so desired, the will is sufficiently attested in her presence even though she may not have actually seen the witnesses sign.

2. EVIDENCE—*when a photograph of scene of attestation is not admissible.* In a will contest case, where the contestant claims the will was signed at a table so far behind the testatrix that she could ·not have seen the attesting witnesses sign, a photograph of the room, taken some four weeks after the death of the testatrix, with the furniture arranged by a person who was present at the attestation of the will, assisted by the contestant, who would be sole heir to the property if the will were set aside, is not admissible.

APPEAL from the Circuit Court of Franklin county; the Hon. WILLIAM H. GREEN, Judge, presiding.

B. W. POPE, and G. A. HICKMAN, for appellant.

SPILLER & MILLER, and CANTRELL & WILLIAMS, for appellees.

Mr. JUSTICE COOKE delivered the opinion of the court:

The circuit court of Franklin county, on appeal from the judgment of the county court, entered an order admitting to probate the last will and testament of Sarah A. Hudson, deceased, and directing that letters testamentary issue to appellees. From that judgment appellant has prosecuted this appeal.

The only question presented for our consideration is whether the will in question was properly attested in the presence of the testatrix. Mrs. Hudson executed her will

a few days before her death. At that time she was suffering from dropsy of the heart, and for some time prior to the execution of the will it was impossible for her to lie down. As a result she was kept in a sitting position in an armchair, which she occupied both day and night. While she had sufficient strength to move her feet and arms, and her body to some extent, it appears from the evidence that she was not able to move the position of the chair which she occupied. The will was witnessed by Carl Burkhart, cashier of a bank at Benton, and William B. Martin, an insurance and real estate agent. At the time of the execution and attestation of the will no one was present except Mrs. Hudson, Burkhart and Martin. Burkhart and Martin having been summoned for the purpose of witnessing the will, found Mrs. Hudson seated in her chair, facing a little north of east and about opposite the south side of a four-foot window which was in the center of the east side of the room. The room was fourteen feet north and south by sixteen feet east and west. In about the center of the room, which would be behind and to the left of Mrs. Hudson as she was sitting at the window, was a round table five and one-half feet in diameter. Both of these witnesses testified that after they had entered the room and conversed awhile with Mrs. Hudson she produced the will and executed it by placing it on a magazine which she held on her knee. She then handed it to one of them and they turned to the table, where they attached their signatures to the instrument. They both testify that while attesting the will they sat at the easterly or southeasterly part of the table, and that Mrs. Hudson sat in her chair, with her left side toward them. While neither could remember whether she actually observed them while they were in the act of signing as witnesses, they both testify that she could have done so by merely turning her head to the left and looking over her shoulder, and that they were so close to her that she could have reached out her

left hand and placed it on that part of the table where the will was attested, and that during that time Mrs. Hudson frequently turned her head in the direction of the witnesses as they sat at the table.

It is clearly shown from the testimony of these two witnesses that every requirement of the proper attestation of a will was complied with. The only evidence offered to contradict them was the testimony of Molly Cunningham, a sister of appellant. She and appellant both resided with Mrs. Hudson, and she was familiar with the arrangement of the room at the time the will was attested. It was she who had admitted Burkhart and Martin when they called to attest the will. She testified as to the position of Mrs. Hudson's chair in the room and as to the position of the table upon which the will was attested, and from her testimony it would appear that the table was almost, if not quite, directly behind the chair in which Mrs. Hudson was sitting. From the testimony of all the witnesses it is apparent that Mrs. Hudson could not, by turning her head and body, see any object which was directly behind her, as the back of the chair extended as high, if not higher, than the top of her head. To support the testimony of this witness a photograph of the room was offered and admitted in evidence. She testified that this photograph was taken about four weeks after the death of Mrs. Hudson. It shows the table, and the chair in which Mrs. Hudson sat, arranged, as the witness testified, in the relative positions which they occupied on the day the will was attested. Witness further testified that her sister, the appellant, assisted her in arranging the furniture in the position which she claimed each piece occupied on the day of the execution of the will. Appellant was the adopted daughter of Mrs. Hudson, and should the probate of the will be denied would inherit all of her property. The photograph taken under these circumstances was not competent and should not have been admitted.

From a consideration of all the evidence it appears that the will was properly attested in the presence of Mrs. Hudson. It was not necessary that the testatrix should actually have seen the witnesses sign, but to have been attested in her presence the will must have been -signed at a place within the scope of her vision, and where, considering her position and the state of her health at the time, she might have seen the signing had she so desired. *Witt* v. *Gardiner,* 158 Ill. 176; *Drury* v. *Connell,* 177 id. 43; *Calkins* v. *Calkins,* 216 id. 458.

As all the necessary conditions existed, the judgment of the circuit court admitting the will to probate was proper and is affirmed.                    *Judgment affirmed.*