In the Matter of the Estate of William Maule, Deceased.

Marjorie Thuller, Petitioner-Appellant, v. Eugene Maule, Edward Maule, Mildred McGreavy, Theodore Maule, John Maule, James J. Maule, Florence (Maule), John T. Maule, Beatrice Egan, Elizabeth Wigginton, Mary George, Jeanette Caldwell, Frank Maule, Sadie Mayo, Peggy Lou (Moser) Planck, Dorothy Spannagell, Lucille Connelly, Bertha Siddall, Pansy O'Dell, First National Bank, Belleville, Illinois, Administrator to Collect, Respondents-Appellees.

Gen. No. 62–F–17.

Fourth District.

May 21, 1962.

Walker and Williams, of East St. Louis (David B. Stutsman, of counsel), for appellant.

155

W. E. Ackermann, of Belleville, for appellees.

HOFFMAN, PRESIDING JUSTICE.

This is an appeal from an order of the Probate Court of St. Clair County entered July 27, 1961 refusing to admit to probate an instrument dated April 13, 1960 purporting to be the last will and testament of William Maule, deceased. In the order appealed from, the Court held that a prima facie case of due execution had been made but, by the execution of a subsequent will in October or November, 1960, the said prior will was revoked. The will of April 13, 1960 which was denied probate, devised the entire estate to a niece, Marjorie Thuller, and a nephew, John T. Maule, and appointed them both executors. The appeal here has been taken by the said Marjorie Thuller who had filed the petition to have said will admitted to probate.

The testator, William Maule, died on December 2, 1960 at the age of 85 years. During his lifetime he executed three documents purporting to be wills. One was dated May 21, 1959. The second one was dated April 13, 1960, and is the will which was denied probate in these proceedings. The third one was executed in October or November, 1960. This third document was completely illegible because it had been inadvertently dropped in water by John Maule prior to the death of William Maule. Before a fourth will could be drawn to replace it, the testator died.

Marjorie Thuller and John T. Maule first filed a petition to admit the third document (of October or November, 1960) and an attempt was made to prove its contents through the attorney who drafted it. During the hearing, the court informed the petitioners that if they chose to testify in support of the will, they would preclude themselves from taking under

156

it. They therefore requested leave to dismiss their petition and their request was granted. The court, however, in allowing the request, ordered that the testimony taken before the court was to stand so far as the same was material to the proving of any further petition to be filed or on file. In its order denying probate of the will of April 13, 1960, the court said it was taking "judicial notice of the testimony previously presented" with reference to the document of October or November, 1960.

 The question which has been uppermost in this court's mind since the inception of this appeal is why no effort was carried through to prove the contents of the third will by other than direct means. Lost, destroyed or suppressed wills may be established and admitted to probate. 36 ILP Wills, sec 133, p 208. We are deeply concerned that a petition to admit a will would be dismissed merely because the petitioners "declined to present any further testimony." We would be most concerned if the law condoned the invalidation of a last will merely because it had been inadvertently destroyed. We remind that "It is the duty of a witness to any will executed in this State to appear before the probate court at the hearing on the admission of the will to probate and to testify concerning the execution and validity of the will." (Sec 70, Probate Act, Ill Rev Stats 1961, c 3, § 70.) We further call attention to Section 66 of said Probate Act which provides for the probate court's proceeding to probate when interested persons fail to do so, "unless it appears to the court that probate thereof is unnecessary and failure to probate it will not prejudice the rights of any interested person." It is not indicated in this case that probate was unnecessary. Under this statute it was the duty of the probate court to probate this last will, if possible. See Robertson v. Yager, 327 Ill 346, 158 NE 709. The

court itself must assume the initiative, if necessary, to carry out the deceased's last wishes.

We accordingly remand this case, under our general powers contained in Section 92 of the Practice Act (Ill Rev Stats 1961, c 110, § 92) to the probate court of St. Clair County with directions to reinstate proceedings to prove up and probate the instrument acknowledged to be the deceased's last will.

Reversed and remanded with directions.

SCHEINEMAN and CULBERTSON, JJ., concur.