*In re* ESTATE OF GEORGE W. NICOLA, Deceased (Paul McGee *et al.*, Petitioner-Appellants, v. Robert Nicola *et al.*, Co-Ex'rs, Respondents-Appellees).

Third District    No. 3—94—0900

Opinion filed September 22, 1995.

Michael J. Galvin, of Rock Island, for appellants.

Caroline K. Bawden, of Wessel, Stojan & Stephens, of Rock Island, for appellees Robert Nicola and Rosemary Atkins Phillips.

Peter Denger, of Rock Island, for other appellees.

JUSTICE BRESLIN delivered the opinion of the court:

The petitioners, Paul and Madeline McGee, filed a petition to admit to probate a will executed by George W. Nicola, deceased (decedent), in January 1994. The respondents and co-executors of the estate of the decedent, Robert Nicola and Rosemary Atkins Phillips, successfully moved to dismiss the petition. On appeal, we hold that the trial court erred in refusing to admit the decedent's most recently dated will to probate. Thus, we reverse and remand for further proceedings.

The decedent executed two wills in the month before his death. One was dated December 1993 (the December will). It contained a provision allowing the petitioners the opportunity to live in the decedent's home rent free for one year following his death. The other will was dated January 1994 (the January will). It provided that if the petitioners lived with the decedent until his death or final hospitalization, then they would receive the decedent's home. Both the December will and the January will named Phillips and Robert Nicola as co-executors. The day after executing the January will, the decedent died.

One month after the decedent's death, the co-executors filed a petition to admit the December will to probate. In their petition, they acknowledged the existence of the January will, but opined that the January will did not "evidence the decedent's intent" and stated that they would seek a hearing on its validity. The trial court granted the petition, and the December will was admitted to probate.

Approximately five months later, the petitioners filed their petition to admit the January will to probate. The co-executors moved to dismiss the petition, reasoning that the petition to admit the January will was untimely since the petitioners had not requested formal proof of the December will within the time provided by law. The

petitioners responded that they had been waiting for the hearing to which the co-executors had alluded in their petition. Nevertheless, the trial court granted the motion. The petitioners filed an amended petition, but that too was dismissed.

The sole issue on appeal is whether the trial court erred in dismissing the petition to admit the January will to probate.

■ Section 6—4(a) of the Probate Act of 1975 (Act) provides that a will is sufficiently proved to admit it to probate when two attesting witnesses state: (1) that they were present when the testator signed the will or acknowledged his signature upon the will; (2) that they signed as witnesses in the presence of the testator; and (3) that they believed the testator to be of sound mind and memory at the time of the execution. (755 ILCS 5/6—4(a) (West 1992).) If these elements are proved, then the will must be admitted to probate. (*In re Estate of Ragen* (1981), 96 Ill. App. 3d 1035, 422 N.E.2d 179.) The proponent of a will need not prove that the will is valid in all respects in order to have the will admitted to probate. *In re Estate of Salzman* (1974), 17 Ill. App. 3d 304, 308 N.E.2d 83.

■ Section 6—3(b) of the Act provides that a court may proceed to probate the will of a deceased person without the filing of a petition if more than 30 days have elapsed since the testator's death and no petition has been filed. (755 ILCS 5/6—3(b) (West 1992).) This section places an affirmative duty upon the trial court to probate the last known will of the decedent. (*In re Estate of Maule* (1962), 36 Ill. App. 2d 155, 183 N.E.2d 24.) When faced with two wills, it is the duty of the court to determine which was the last will executed according to the statute. *In re Estate of Marcucci* (1973), 54 Ill. 2d 266, 296 N.E.2d 849.

■ In the case at bar, there is no question that the trial court knew of the existence of the January will at the time the December will was admitted to probate. Nor is there any question that the January will, on its face, appears to have been executed with the testamentary formalities. Thus, it was incumbent upon the court, regardless of the wishes of the co-executors, to admit the January will to probate.

There is some indication in the record that the co-executors believed that the January will was a product of undue influence exerted upon the decedent by the petitioners. We note in response that the admission of a will to probate does not foreclose the possibility of further proceedings regarding the validity of the will. (*In re Estate of Gaglione* (1983), 97 Ill. 2d 408, 454 N.E.2d 664.) In those proceedings, undue influence may be asserted as a ground for contesting the will. However, it is not a ground for objecting to the will's

500

admission to probate. *In re Estate of Jackson* (1978), 56 Ill. App. 3d 915, 372 N.E.2d 711.

The co-executors argue that the petition to admit the January will to probate was untimely because the time for demanding formal proof of the December will and for contesting the December will had expired prior to the filing of the petition. We disagree. (See 755 ILCS 5/6—21 (West 1992) (formal proof of will); 755 ILCS 5/8—1(a) (West 1992) (will contest).) The petition to admit the January will does not in any way challenge the December will; it merely states that a more recent will exists and asks that the more recent will be admitted to probate. Consequently, the time limitations applicable to the December will have no effect on the petition to admit the January will. See *Marcucci*, 54 Ill. 2d 266, 296 N.E.2d 849.

For the foregoing reasons, we hold that the trial court erred in dismissing the petition to admit the January will to probate. Consequently, we reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.

HOLDRIDGE and SLATER, JJ., concur.