*In re* ESTATE OF YUA KEE LUM, Deceased (Shuk Fan Cheung Lum, the Surviving Spouse, Petitioner-Appellant, v. David Lum, Adm'r, Respondent-Appellee).

First District (2nd Division)    No. 1—97—3533

Opinion filed August 4, 1998.

Bahtiar Hoxha, of Chicago, for appellant.

Chuhak & Tecson, P.C., of Chicago (Barry A. Feinberg and Daniel F. Marren, of counsel), for appellee.

JUSTICE RAKOWSKI delivered the opinion of the court:

Section 4—3 of the Probate Act of 1975 (755 ILCS 5/4—3 (West 1992)) requires that a will must be "attested" by two credible witnesses to be valid. In this case, Yua Kee Lum, decedent, dictated and signed a hand-written will on May 27, 1996, providing for the disposition of all his property upon his death. The will was never signed by any witnesses, although decedent had the will notarized by Wol Ju Mendoza the next day. Decedent later died on June 15, 1996.

On May 15, 1997, almost a year after the will was made, Lisa Lum, decedent's daughter, prepared an affidavit claiming that she was present when decedent signed the will and that she believed decedent was of sound mind and memory at that time. Likewise, on June 19, 1997, Wol Ju Mendoza prepared an affidavit virtually identical to Lisa Lum's except that he also certified that he notarized and dated the will on May 28, 1996.

David Lum, administrator of decedent's estate and son of decedent, filed a petition to admit the will into probate, which the trial court granted over the objection of Suk Fan Cheung, decedent's surviving spouse. The issue below and on appeal is whether the decedent's will is valid pursuant to section 4—3 of the Probate Act of 1975 where the attesting witnesses did not sign the will. Finding that "attest" includes

the act of subscribing, we conclude that decedent's will is invalid. Therefore, we reverse.

## DISCUSSION

■ "The party seeking to have a will admitted to probate has the burden of proving it was properly executed according to statute." *In re Estate of Smith*, 282 Ill. App. 3d 389, 393 (1996). "We will not reverse the trial court's decision to admit a will to probate unless it is against the manifest weight of the evidence." *Smith*, 282 Ill. App. 3d at 393. In this case, however, the facts are not in dispute; rather, the parties' contentions regard the proper interpretation of the Probate Act of 1975 (Act). Consequently, we review the circuit court's decision as a matter of law and conduct a *de novo* review. *Von Meeteren v. Sell-Sold, Ltd.*, 274 Ill. App. 3d 993, 996 (1995).

This case hinges on the interpretation of the term "attest" as contained in the Act. Appellee defends the trial court's decision by asserting that the court should read the term "attest" to mean "acts as a witness to." Appellant, on the other hand, urges this court to construe "attest" to encompass not only the act of perceiving, but also the act of subscribing one's signature. As such, appellant argues that section 4—3 of the Probate Act requires that the will be signed by two attesting witnesses and that, without such signatures, the will is not valid and is incapable of being proved for admission into probate. See 755 ILCS 5/4—3, 6—4 (West 1992). We agree with appellant.

■ In providing the signing and attestation requirements, section 4—3 states in pertinent part that "[e]very will shall be in writing *** and *attested* in the presence of the testator by 2 or more credible witnesses." (Emphasis added.) 755 ILCS 5/4—3 (West 1992). Adherence to section 4—3 of the Act is mandatory. *Young v. Young*, 20 Ill. App. 3d 242, 244 (1974); 755 ILCS 5/4—3 (West 1992).

■ Furthermore, for a will to be admitted into probate, the proponent must prove that the will was properly executed by satisfying the requirements set forth in section 6—4 of the Act. 755 ILCS 5/6—4 (West 1992). Section 6—4 provides:

> "(a) When each of 2 attesting witnesses to a will states that (1) he was present and saw the testator or some person in his presence and by his direction sign the will in the presence of the witness or the testator acknowledged it to the witness as his act, (2) the will *was attested by the witness* in the presence of the testator and (3) he believed the testator to be of sound mind and memory at the time of signing or acknowledging the will, the execution of the will is sufficiently proved to admit it to probate ***. The proponent may also introduce any other evidence competent to establish a will. ***

(b) The statements of a witness to prove the will under subsection 6—4(a) may be made by (1) testimony before the court, (2) an attestation clause signed by the witness and forming a part of or attached to the will or (3) an affidavit which is signed by the witness at or after the time of attestation and which forms part of the will or is attached to the will or to an accurate facsimile of the will." (Emphasis added.) 755 ILCS 6—4(a), (b) (West 1992).

■ Some courts in other jurisdictions have found that "attest" does not encompass the witness subscribing her name to the will. In those jurisdictions, "attest" and "subscribe" have distinct meanings. 2 W. Bowe & D. Parker, Page on the Law of Wills § 19.74, at 171 (1960) (hereinafter Law of Wills). As such, "[a]ttestation is the act of perceiving and knowing the performance of the various acts which are necessary to the legal execution of the will, while subscription is the act of the attesting witness in signing his name upon the will to identify the instrument thus attested." Law of Wills § 19.74, at 171-72 (subscription is the mechanical act of signing and "attestation is the act of signing for the purpose of affirming the thing, the knowledge of which constitutes attestation").

While many courts hold this view, others have rejected the distinction between the import of these terms and hold that they are practically synonymous. Law of Wills § 19.74, at 171-72. According to this view, "attestation" is "broad enough to include both knowledge of the facts of execution and subscription by the witnesses." Law of Wills § 19.74, at 172-73. "Accordingly, if the statute provides that witnesses must 'attest' a will, they must sign their names thereto as witnesses, in addition to perceiving the acts necessary to the legal execution of the will." Law of Wills § 19.74, at 173; Annotation, *"Attestation" or "Witnessing" of Will, Required by Statute, as Including Witness' Subscription*, 45 A.L.R.2d 1365, 1366 (1956) (cases arising in jurisdictions where the statutes require the will to be attested by witnesses but not subscribed uniformly hold that "attestation" includes the act of "subscription"). Illinois courts have long adhered to this interpretation of the term "attestation."

In *Sloan v. Sloan*, 184 Ill. 579 (1900), the supreme court addressed the issue of whether the term "attestation" necessarily encompassed the requirement of subscription. The court stated:

"The rule has, however, been long acquiesced in and understood in this State, that in order to render a will valid it must be subscribed by the attesting witnesses, and this court has so held. *** 'This act of attestation consists in the subscription of the names of the witnesses to the attestation clause, as a declaration that the [testator's] signature was made or acknowledged in their presence. It is this

act of attestation by subscribing their names to the will as witnesses thereto which the statute requires to be in the presence of the testator. The object of the law, as frequently declared, is to prevent fraud or imposition upon the testator or the substitution of a surreptitious will, and to effectuate that object it is necessary that the testator shall be able to see and know that the witnesses subscribe their names to the paper which he has executed or acknowledged as his will.' " *Sloan*, 184 Ill. at 583-84, quoting *Drury v. Connell*, 177 Ill. 43, 47 (1898) ("attestation consists in the subscription of the names of the witnesses to the attestation clause as a declaration that the signature was made or acknowledged in their presence").

Illinois courts since *Sloan* have continued to read the term "attestation" to include the act of signing. *In re Estate of Guinane*, 65 Ill. App. 2d 193, 198-99 (1965) (the law regarding attestation requires that the testator "be able to see and know that the witnesses have affixed their names to the paper which he has signed and acknowledged as his will"); *Walker v. Walker*, 342 Ill. 376, 383 (1930) (it is essential for attestation that the testator must be able to see the witnesses sign their names to the instrument); *Ellis v. Flannigan*, 253 Ill. 397, 400 (1912) (for attestation, witnesses must sign the will within the sight of the testatrix); *Calkins v. Calkins*, 216 Ill. 458, 462 (1905) ("[a]ttestation is the act of witnessing the actual execution of an instrument and subscribing the name of the witness in testimony of the fact"); see also *In re Estate of Lynch*, 103 Ill. App. 3d 506, 510 (1982); *Spangler v. Bell*, 390 Ill. 152, 154 (1945).

Furthermore, case law has restated the substance of section 6—4(a) in a manner that further confirms that the term "attest" encompasses the act of "subscribing" in Illinois. *In re Estate of Nicola*, 275 Ill. App. 3d 497, 499 (1995). In *Nicola* the court asserted:

> "[A] will is sufficiently proved to admit it to probate when two attesting witnesses state: (1) that they were present when the testator signed the will or acknowledged his signature upon the will; (2) *that they signed as witnesses* in the presence of the testator; and (3) that they believed the testator to be of sound mind and memory at the time of the execution." (Emphasis added.) *In re Estate of Nicola*, 275 Ill. App. 3d 497, 499 (1995).

■ Nevertheless, appellee argues that the legislature no longer requires strict compliance with section 4—3 and section 6—4 of the Probate Act. Appellee contends that the provision in section 6—4(a) stating that "[t]he proponent may *also introduce* any other evidence competent to establish a will" not only relaxes strict compliance with the provisions of that section, but also relaxes compliance with the provisions of section 4—3 in cases where the trial court finds sufficient

proof to support the conclusion that a valid will has been made. (Emphasis added.) 755 ILCS 5/6—4(a) (West 1992). He further argues that earlier case law defining the meaning of "attest" does not apply because those cases addressed the language as it was under the former Wills Act (Ill. Rev. Stat. 1939, ch. 148, § 2 (repealed by 1939 Ill. Laws 80 (§§ 344, 345), eff. January 1, 1940), which did not have the above provision regarding other evidence.

Contrary to appellee's argument, the plain language of section 6—4(a), when read as a whole, fails to alter the required elements of section 4—3 that must be proved to establish a valid will. Rather, it only expands the means by which the proponent may prove the will under section 6—4. The word "also" is a conjunctive word meaning "in addition to" and modifies the verb "introduce" in the sentence. When one reads the first sentence of section 6—4(a), it becomes apparent that it provides for the introduction of attesting witnesses' statements as a means of proving the will. Accordingly, when section 6—4 is read as a whole, the cited provision merely provides a proponent with the option of proffering additional evidence other than the testimony of the attesting witnesses to prove that the execution of the will complied with the requirements of the Act. See *In re Estate of Koziol*, 236 Ill. App. 3d 478, 483-84 (1992) (court relied on notary's testimony as evidence of will's validity where two of the three attesting witnesses denied that the will was properly attested).

To construe the provision in the manner that appellee urges would effectively eliminate all the formalistic requirements set forth by the legislature for the formation of wills under section 4—3. This, we cannot do. *Young*, 20 Ill. App. 3d at 243-44; *Spangler*, 390 Ill. at 154 (statute controls right to dispose of property and adherence to it is mandatory). See also *In re Estate of Weaver*, 50 Ill. App. 3d 223, 227 (1977) ("The object of a [probate] hearing when a supposed will is presented for probate is to determine whether it has been executed with the formalities required by law").

Moreover, appellee's claim that the older case law should not be used for guidance purposes is misplaced and without merit. The Probate Act of 1975 requires the same formalities pertaining to the signing and attestation of wills as did the former Probate Act and that act's predecessor, the Wills Act. Compare 755 ILCS 5/4—3 (West 1992) ("Every will shall be in writing, signed by the testator *** and attested in the presence of the testator by 2 or more credible witnesses"), with Ill. Rev. Stat. 1941, ch. 3, par. 194 (repealed by Pub. Act 79—328, eff. January 1, 1976) ("Every will *** shall be reduced to writing, shall be signed by the testator ***, and shall be attested in the presence of the testator by two or more credible witnesses"), with Ill. Rev. Stat.

1939, ch. 148, § 2 (repealed by 1939 Ill. Laws 80 (§§ 344 to 345), eff. January 1, 1940) ("All wills *** shall be reduced to writing, and signed by the testator or testatrix, *** and attested in the presence of the testator or testatrix by two or more credible witnesses"). Again, the provision in section 6—4(a) allowing other competent evidence to establish a will only expands the means by which the proponent may prove the will, but it does not reduce the required formalities for the formation of a valid will pursuant to section 4—3 of the Act. Thus, the early case law still provides sound guidance on the interpretation and application of the term "attestation."

Therefore, for the above reasons, we reverse the judgment of the circuit court of Cook County.

Reversed.

McNULTY, P.J., and COUSINS, J., concur.