NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 230159-U

NOS. 4-23-0159, 4-23-0558, 4-23-0579 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 26, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| *In re* the Estate of FREDERICK STEGALL, Deceased; F&M BANK; GALESBURG RIFLE CLUB; and THE CATHOLIC DIOCESE OF PEORIA, | ) ) ) | Appeal from the Circuit Court of Knox County |
| Plaintiffs-Appellees, | ) | Nos. 21MR21 |
| v. | ) | 22PR12 |
| TONNY J. WILLIAMSON, and PENNY J. WILLIAMSON, | ) ) | Honorable |
| Defendants-Appellants. | ) ) | Curtis S. Lane, Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Presiding Justice Cavanagh and Justice Doherty concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court (1) dismissed appeal Nos. 4-23-0558 and 4-23-0579 for lack of jurisdiction and (2) affirmed the trial court's determination defendants were not entitled to a proof-of-will hearing in appeal No. 4-23-0519.

¶ 2    In 2019, decedent, Frederick Stegall, had a will devising his property to plaintiffs, Galesburg Rifle Club (Rifle Club) and the Catholic Diocese of Peoria (Diocese). In June and early July 2020, defendants, Tonny J. Williamson and Penny J. Williamson, took Stegall to visit multiple attorneys. During that time, Stegall executed a healthcare power of attorney in favor of Penny, a power of attorney for property in favor of Tonny, an irrevocable trust over Stegall's real property naming defendants as trustees and beneficiaries, and a pour-over will devising any remaining property to the trust (collectively, the trust documents). A deed placing Stegall's real estate in the trust was also prepared but was not recorded at that time.

¶ 3 On July 6, 2020, friends and family members of Stegall, who were unaware of the trust documents and deed, but who believed Stegall might have been influenced to sign documents that did not reflect his intent, took Stegall to an attorney, and a new power of attorney was signed in favor of Stegall's friend and neighbor, John Hessler. A new will was also executed, which was similar to the 2019 will, devising Stegall's property to the Rifle Club and the Diocese.

¶ 4 In January 2021, defendants had the deed recorded, and Tonny filed a petition seeking guardianship over Stegall. What followed was a lengthy series of litigation. Plaintiffs filed a declaratory judgment action seeking to invalidate the trust documents. That case was docketed as Knox County case No. 21-MR-21 and is case numbers 4-23-0579 and 4-23-0558 on appeal. While the declaratory judgment action was pending, Stegall died. In Knox County case No. 22-PR-12, docketed on appeal as case number 4-23-0519, defendants filed the July 2, 2020, pour-over will, devising property to the trust and a petition for probate. Plaintiffs filed a counterpetition and sought admission of the July 6, 2020, will.

¶ 5 The cases were initially consolidated, but the trial court later severed them. Ultimately, a jury found in favor of plaintiffs in the declaratory judgment action and awarded punitive damages. Plaintiffs sought prejudgment interest, and the court reserved ruling on the motion. In the probate action, the July 6, 2020, will was admitted to probate by agreement, and defendants later sought a proof-of-will hearing. That order was denied. Defendants appealed in each case, which were consolidated for appeal. Plaintiffs moved to dismiss the appeal of the probate case based on lack of standing by defendants. We took that motion with the case.

¶ 6 On appeal in the probate case, defendants contend the court erred in denying their request for a proof-of-will hearing. We affirm the probate case. We dismiss the declaratory

judgment action for lack of jurisdiction because the record shows premature appeals due to the outstanding motion for prejudgment interest.

¶ 7                                           I. BACKGROUND

¶ 8            Stegall's 2019 will devised his property to the Rifle Club and the Diocese. In June and July 2020, Stegall executed powers of attorney trust documents that instead benefited defendants. On July 6, 2020, Stegall revoked the powers of attorney in favor of defendants and executed a new power of attorney in favor of Hessler. He also executed a new will naming Hessler as executor. That will devised Stegall's property to the Rifle Club and the Diocese. Defendants later recorded the deed funding the trust, and Tonny sought guardianship over Stegall.

¶ 9            On February 11, 2021, plaintiffs filed a complaint for a declaratory judgment, seeking recission of the trust documents Stegall executed in June and July 2020. The complaint alleged the trust documents were obtained by undue influence and were presumptively fraudulent because defendants had a fiduciary relationship with Stegall. In April 2022, plaintiffs filed a second amended complaint, adding facts obtained from discovery and seeking recission based on (1) undue influence, (2) the temporary incapacity of Stegall, (3) presumptive fraud, (4) fraudulent misrepresentation as to the effect of the irrevocable trust, and (5) mutual mistake of fact regarding the designation of the trust as irrevocable.

¶ 10           On January 18, 2022, Stegall died. That same day, defendants filed the trust documents, and the next day, they filed a petition for probate of the July 2, 2020, will. On January 24, 2022, plaintiffs filed a petition for a will contest, alleging the trust documents were obtained by undue influence and were fraudulent. On January 25, 2022, plaintiffs filed a counterpetition for probate of the July 6, 2020, will. Plaintiffs also filed an objection to the

admission of the July 2, 2020, will. The trial court appointed Curtis Ford as temporary executor. The probate and declaratory judgment cases were consolidated.

¶ 11 On February 23, 2022, the trial court held a hearing addressing multiple matters. In the probate action, Ford had filed a motion to admit the July 6, 2020, will as the last will and testament of Stegall. After some discussion, defendants' counsel did not object to admission of the will, and the court stated, "So by agreement, the July 6th, 2020 will will be admitted." The court's written order provided the will was admitted by agreement, "subject to any challenge to that Will that may be presented." The court appointed plaintiff F&M Bank as executor.

¶ 12 In April 2022, defendants filed a petition in the probate action to admit the July 2, 2020, will as the true will. The petition stated the July 6, 2020, will that had been admitted to probate was signed under undue influence, fraud, duress, and coercion. Defendants asked the trial court to admit the July 2, 2020, will to probate and, if there were any objections, to declare a will contest and set the matter for trial. They also asked for a proof-of-will hearing regarding the July 6, 2020, will.

¶ 13 In early September 2022, the trial court severed the cases. The court set the declaratory judgment action for a jury trial. In the probate action, the court found it had already admitted the July 6, 2020, will to probate and did not have authority to ignore the July 6, 2020, will and admit the July 2, 2020, will instead. The court further found there was no authority for it to hold a proof-of-will hearing regarding the July 6, 2020, will. The court further found no right to a jury trial in the probate case. Defendants moved to reconsider. On February 21, 2023, the court denied the motion. On February 23, 2023, Penny appealed that determination, which Tonny joined.

¶ 14　　　　　In the declaratory judgment action, the trial court allowed evidence of the July 6, 2020, will. On March 13, 2023, the jury found in favor of plaintiffs in the declaratory judgment action and awarded $400,000 punitive damages against Tonny and $200,000 against Penny. The court entered a judgment order declaring the trust documents and deed null and void and awarding plaintiffs costs. On March 21, 2023, the court entered a monetary judgment against Tonny in the amount of $400,000 and Penny in the amount of $200,000.

¶ 15　　　　　On April 13 and 17, 2023, plaintiffs filed motions for prejudgment interest accruing from the date of the verdict under section 2-1303 of the Code of Civil Procedure (735 ILCS 5/2-1303 (West 2022)). Defendants filed a response, objecting. On May 22, 2023, plaintiffs filed a reply, stating in part, "Pre-judgment interest began accruing on the date of the jury verdict. *** This interest began accruing as a matter of law on that date and no further action of this court is required at this time."

¶ 16　　　　　On May 24, 2023, the trial court held a hearing on the posttrial motions. At the hearing, counsel for the Rifle Club and the Diocese told the court, "[T]he prejudgment interest I don't think needs to be heard. It—it exists as a matter of law." The court replied, "[I]f you guys tell me that, hey, you're holding off on whatever, then so be it. I'm not gonna—I'm not forcing anything." Tonny's counsel later stated, "As far as the prejudgment interest argument, we're gonna stand on our response and not to try to spend any more time with that." The parties later discussed the effect of costs on the outcome of appeal. Regarding prejudgment interest, the court stated, "I think we're holding off on the prejudgment. I think that's the agreement." On June 1, 2023, the court ruled on the remaining posttrial motions but reserved ruling on the motions for prejudgment interest.

¶ 17　　　　　This appeal followed.

¶ 18                                    II. ANALYSIS

¶ 19        On appeal, defendants raise multiple contentions of error in the declaratory

judgment action. In the probate action, defendants contend the trial court erred in denying their

request for a proof-of-will hearing. We first sever the appeals and dismiss the declaratory

judgment action for lack of jurisdiction because the record shows the appeal was premature due

to the outstanding motion for prejudgment interest.

¶ 20                    A. Dismissal of Appeal Nos. 4-23-0558 and 4-23-0579

¶ 21        Generally, our jurisdiction is limited to reviewing appeals from final judgments.

*In re Marriage of Verdung*, 126 Ill. 2d 542, 553 (1989). A judgment is final for purposes of

appeal if it determines the litigation on the merits or some definite part thereof so that, if

affirmed, the only thing remaining is to proceed with the execution of the judgment. *Id.* A final

order disposing of fewer than all claims is not an appealable order and does not become

appealable until all of the claims are resolved. See *Marsh v. Evangelical Covenant Church of*

*Hinsdale*, 138 Ill. 2d 458, 464 (1990).

¶ 22        A pending claim for prejudgment interest typically renders a judgment nonfinal.

See *Rago Machine Products, Inc. v. Shields Technologies, Inc.*, 233 Ill. App. 3d 140, 145 (1992);

*Montgomery Ward & Co. v. Wetzel*, 98 Ill. App. 3d 243, 249-50 (1981); *Walker v. Steward*, 2023

IL App (1st) 221056-U, ¶¶ 20-21. While an exception has arguably been recognized for claims

seeking postjudgment interest under section 2-1303, we find that inapplicable here, when

prejudgment interest is at issue. See *General Motors v. Pappas*, 242 Ill. 2d 163, 174-75 (2011)

(finding postjudgment interest collateral to the judgment). Under section 2-1303, "When

judgment is entered upon any award, report or verdict, interest shall be computed at the above

rate, from the time when made or rendered to the time of entering judgment upon the same, and

included in the judgment." 735 ILCS 5/2-1303(a) (West 2022). Here, the trial court did not include the interest in the judgment. In addition, while the parties appeared to agree to reserve the issue, jurisdiction cannot be waived or stipulated to by the parties. *People v. Schram*, 283 Ill. App. 3d 1056, 1060 (1996).

¶ 23 In its June 1, 2023, order, the trial court reserved ruling on the issue of prejudgment interest. The record does not indicate the motion was ruled on. Thus, the record does not show defendants' notice of appeal has taken effect. See Ill. S. Ct. R. 303(a)(2) (eff. July 1, 2017). In other words, the appeals of the declaratory judgment action are premature. Accordingly, we dismiss those appeals for lack of jurisdiction.

¶ 24 We note defendants can timely file a notice of appeal upon the resolution of the motion to reconsider and any other pending claims in this matter. However, if the motion and the pending claims have been resolved and the time to file a new notice of appeal has expired, Rule 303(a)(2) allows defendants to establish the effectiveness of the present notice of appeal. They may do so by filing a petition for rehearing and to supplement the record in order to show our jurisdiction to address the merits. See *In re Marriage of Knoerr*, 377 Ill. App. 3d 1042, 1050 (2007).

¶ 25 B. The Probate Proceedings and Admission of the July 6, 2020, Will

¶ 26 In the probate action, defendants argue the trial court erred in denying them a proof-of-will hearing. Plaintiffs moved to dismiss the appeal of that decision, arguing defendants lacked standing for a proof-of-will hearing because they were not interested parties to the will when they were not named in it. We took that motion with the case. They also suggested we lacked jurisdiction because the appeal was premature. On appeal, plaintiffs further argue defendants cannot argue they were entitled to a proof-of-will hearing when they agreed in the

probate action the July 6, 2020, will was Stegall's last will and testament, subject to any challenge that may be presented. We agree defendants were not entitled to a proof-of-will hearing.

¶ 27                                    1. *Jurisdiction*

¶ 28          We first address whether we have jurisdiction over the probate appeal. As previously noted, under Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016), if multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding there is no just reason for delaying either enforcement or appeal or both. The court here made no such finding.

¶ 29          However, Rule 304(b)(1) provides a judgment or order entered in the administration of an estate, guardianship, or similar proceeding which finally determines a right or status of a party is appealable without a special finding for appeals as required by Rule 304(a). Ill. S. Ct. R. 304(b)(1) (eff. Mar. 8, 2016). " 'A central reason behind making the time for appeal of such orders mandatory, and not optional, is that certainty as to some issues is a necessity during the lengthy procedure of estate administration.' " *Stephen v. Huckaba*, 361 Ill. App. 3d 1047, 1051 (2005) (quoting *In re Estate of Kime*, 95 Ill. App. 3d 262, 268 (1981)). "Without the Rule 304(b)(1) exception, an appeal would have to be brought after an estate was closed, the result of which might require reopening the estate and marshaling assets that have already been distributed." *Id.* "That result would be both impractical and inefficient." *Id.* "Only final orders fit within Rule 304(b)(1)." *Id.* "It is not necessary that the order resolve all matters in the estate, but it must resolve all matters on the particular issue." *Id.*

¶ 30 Here, the order denying the proof-of-will hearing finally determined that alleged "right" of defendants in that the trial court determined it lacked authority to hold a proof-of-will hearing. As such, we conclude we have jurisdiction over the issue.

¶ 31                                             2. *Proof of Will*

¶ 32 Defendants contend they are entitled to a proof-of-will hearing in the probate action.

¶ 33 Section 6-4(a) of the Probate Act of 1975 (Probate Act) (755 ILCS 5/6-4(a) (West 2022)) provides a will is sufficiently proved to admit it to probate when two attesting witnesses state: (1) they were present when the testator signed the will or acknowledged his signature upon the will; (2) they signed as witnesses in the presence of the testator; and (3) they believed the testator to be of sound mind and memory at the time of the execution. *In re Estate of Nicola*, 275 Ill. App. 3d 497, 499 (1995). "If these elements are proved, then the will must be admitted to probate." *Id.* The proponent of a will need not prove the will is valid in all respects in order to have the will admitted to probate. *In re Estate of Salzman*, 17 Ill. App. 3d 304, 306-07 (1974). Their only duty is to prove the essential elements of the statue. *Id.* at 307.

¶ 34 Section 6-21 of the Probate Act provides:

> "Formal proof of will. If a will has been admitted to probate before notice in
> accordance with Section 6-4, any person entitled to notice under Section 6-10
> may file a petition within 42 days after the effective date of the original order
> admitting the will to probate to require proof of the will pursuant to this Section.
> The court must set the matter for hearing upon such notice to interested persons as
> the court directs. At the hearing the proponent must establish the will by

testimony of the witnesses \*\*\*, as if the will had not originally been admitted to probate." 755 ILCS 5/6-21 (West 2022).

¶ 35    Section 6-10 provides, in relevant part, "[w]hen the petition names a trustee of a trust, it is not necessary to publish for or mail copies of the petition and order to any beneficiary of the trust who is not an heir or legatee." 755 ILCS 5/6-10 (West 2022). The admission of a will to probate does not foreclose the possibility of further proceedings regarding the validity of the will. *Nicola*, 275 Ill. App. 3d at 499. "In those proceedings, undue influence may be asserted as a ground for contesting the will. However, it is not a ground for objecting to the will's admission to probate." *Id.* at 499-500. We will not reverse the trial court's decision to admit a will to probate unless it is against the manifest weight of the evidence. *In re Estate of Smith*, 282 Ill. App. 3d 389, 393 (1996).

¶ 36    Here, defendants were not heirs or legatees under the July 6, 2020, will. Instead, they were trustees under the July 2, 2020, will and trust documents. Thus, under section 6-10 of the Probate Act, they were not entitled to notice and hence not entitled to a proof-of-will hearing under section 6-21 of the Probate Act.

¶ 37    Defendants cite *Mosser v. Flake*, 258 Ill. 233 (1913), to argue to the contrary. However, we find that case inapplicable because, there, the interested parties were legatees under previous codicils to the will at issue. Such is not the case here. Defendants were never legatees under Stegall's July 6, 2020, will.

¶ 38    Further, even if we were to find defendants were entitled to notice, there was no purpose in holding a proof-of-will hearing because defendants agreed to the admission of the July 6, 2020, will to probate, subject to any challenge that may be presented. While defendants

may have had other means of challenging the will available to them in the probate action, an issue we need not and do not decide, a proof-of-will contest was not one of them.

¶ 39          Finally, we note plaintiffs present the matter as one of standing and seek dismissal of the appeal of the probate action. Standing in Illinois requires "some injury in fact to a legally cognizable interest." *Greer v. Illinois Housing Development Authority*, 122 Ill. 2d 462, 492 (1988). The purpose of the doctrine of standing is to ensure courts resolve actual controversies between parties rather than abstract questions or moot issues. *Owner-Operator Independent Drivers Ass'n v. Bower*, 325 Ill. App. 3d 1045, 1050 (2001). An actual controversy exists with respect to a particular party where "the underlying facts of the case are not moot or premature; there must be a concrete dispute that admits of an immediate and definitive determination of the party's rights." *Id.*

¶ 40          While plaintiffs presented the issue of defendants' request for a proof-of-will hearing as one of standing, the record shows the objection was not necessarily one of standing over their ability to participate in the entire action. As shown by our determination defendants were not entitled to a proof-of-will hearing under section 6-21 of the Probate Act, the determination of defendants' ability to seek a proof-of-will hearing required we determine the merits of the issue in that we needed to decide whether, under the statutory provisions at issue, defendants could seek such a hearing. That determination in turn was raised by defendants in the declaratory judgment action where they contended the trial court erred by allowing evidence of the July 6, 2020, will without a proof-of-will hearing in the probate action. The probate and declaratory judgment actions were at times consolidated. Thus, the issue was also integral to an issue in a case in which standing was not raised as an issue. As such, we find there was a concrete dispute such that, instead of dismissing the appeal for lack of standing, we instead

affirm the trial court's determinations defendants were not entitled to a proof-of-will hearing in the probate action.

¶ 41                              III. CONCLUSION

¶ 42        For the reasons stated, we sever the declaratory judgment appeals from the probate appeal and dismiss the declaratory judgment appeals for lack of jurisdiction. In the probate appeal, the trial court's order is affirmed.

¶ 43        Nos. 4-23-0558 and 4-23-0579, Appeals dismissed.

¶ 44        No. 4-23-0519, Affirmed.